■ FRANK P. DiMARSICO et al., Doing Business as LAKESHORE NURSING HOME, Respondents, v LEON DAVIS, as President of 1199 National Union of Hospital and Health Care Employees, AFL-CIO, et al., Appellants.—Order unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: The evidence adduced at the hearing and reasonable conclusions to be drawn therefrom amply sustain the trial court's determination required under section 807 (subd 1, par [e]) of the Labor Law that the police authorities were unable to furnish adequate protection during the past picketing activities, and, that plaintiff-employer had made every reasonable effort, as required under subdivision 4 of section 807 of the Labor Law, to settle the parties' dispute by negotiations and mediation, there being no contractual or statutory requirement for arbitration. While reasonable men may differ in conclusions to be drawn from a given factual presentation, the trial court's findings cannot be said to constitute a "manifest abuse" warranting appellate interference *(Remington Rand v Crofoot,* 248 App Div 356, 360–361). Despite the trial court's failure to make a specific finding as to the number of individuals enjoined, for the purpose of determining the amount of the undertaking here required, the record indicates that the maximum number of 120 pickets precipitated this application. The trial court made provision for 41 pickets. This restrained more than 75 persons from picketing. Therefore, the $2,000 undertaking does not satisfy the statutory formula contained in subdivision 3 of section 807 of the Labor Law. The amount of the undertaking is, therefore, increased to $3,000. (Appeal from order of Monroe Supreme Court granting preliminary injunction pursuant to Labor Law, § 807.) Present—Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ.